Argued and submitted August 19, reversed and remanded for reconsideration
November 9, 2011

In the Matter of the Compensation of
Jeramy L. Hallford, Claimant.

Jeramy L. HALLFORD,
*Petitioner,*

*v.*

LIBERTY NORTHWEST INSURANCE CORPORATION;
and Winco Holdings, Inc.,
*Respondents.*

Workers' Compensation Board
0904361; A145864

266 P3d 159

Dale C. Johnson argued the cause and filed the briefs for petitioner.

Judy L. Johnson argued the cause and filed the briefs for respondents.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

**PER CURIAM**

Claimant seeks judicial review of an order of the Workers' Compensation Board that upheld insurer's partial denial of claimant's new medical condition claim, arguing that the board did not adequately explain its conclusion that claimant's new condition—an L5-S1 disc herniation—was not materially related to his work injury and therefore, that the order does not comport with substantial reason. We agree, reject insurer's cross-assignment of error without discussion, and reverse and remand for reconsideration.

Claimant injured his back while lifting a bin of broken glass at work and filed a claim for compensation. Based on an examination of claimant and the results of an MRI, one of claimant's treating physicians diagnosed a lumbar strain and a small L5-S1 disc protrusion. After insurer had accepted a claim for the lumbar strain, claimant's symptoms persisted, and he was examined by two physicians in an insurer-requested medical examination, which led them to a conclusion that claimant's work injury had not produced an L5-S1 disc bulge. After that examination, claimant was examined by Dr. Kitchel, who opined that claimant had a substantial L5-S1 disc herniation; however, insurer denied the request to treat the L5-S1 disc condition and closed the accepted lumbar strain claim. Claimant then filed a claim for the L5-S1 condition as a new medical condition related to his accepted lumbar strain condition, which was denied.

Claimant requested a hearing to contest the denial, arguing that the opinions of some of his examining physicians, especially Kitchel, support his contention that the disc herniation is materially related to his work injury. The ALJ upheld the denial based on the medical opinions that are contrary to Kitchel's, and claimant appealed to the board. The board issued a final order affirming the ALJ because, in large part,

> "[i]t appears that Dr. Kitchel considered only his own singular findings. Considering the remainder of the record, we cannot say that he relied on an accurate and complete history.

"Under these circumstances, we do [not] find Dr. Kitchel's causation opinion persuasive. *Compare Somers v. SAIF*, 77 Or App 259, 263[, 712 P2d 179] (1986) (persuasive medical opinions are based on accurate and complete history)."

The crux of claimant's argument on judicial review is that the board erred in failing to explain adequately the reasons for its conclusion that Kitchel's opinion was not based on a complete and accurate history of claimant's symptoms. The record in this case indicates that, when claimant's counsel sought Kitchel's expert testimony through a letter, claimant's counsel sent Kitchel "copies of all of the Hearings Exhibits submitted to the [ALJ]." Those exhibits include all of claimant's medical examinations relating to his injury. In reply, Kitchel stated that his opinion that claimant's L5-S1 disc herniation was materially related to his work injury was based on "[claimant's] history, physical examination, review of the MRI scan, and [claimant's] clinical course." Because the board's order does not adequately explain its conclusion that, despite the indications in the record that Kitchel had claimant's relevant medical history and based his expert opinion on that history, Kitchel did not rely on an accurate and complete history in rendering his expert opinion, we reverse and remand for reconsideration on that basis.

Reversed and remanded for reconsideration.